UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOANH A. LAM,<br><br>          Petitioner,<br><br>     v.<br><br>KRISTI NOEM, *et al.*,<br><br>          Respondents. | Case No. 5:25-cv-03344-CV (RAO)<br><br>**ORDER DENYING PRELIMINARY INJUNCTION AND DISCHARGING ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [18]** |

On February 5, 2026, the Court issued a Temporary Restraining Order ("TRO") and Order to Show Cause why a Preliminary Injunction Should Not Issue ("OSC"). Doc. # 18 ("TRO Order"). On February 13, 2026, Respondents filed a Response to the OSC, and on February 17, 2026, Petitioner filed a Reply to the OSC. Doc. # 19 ("Gov. Response"); Doc. # 20 ("Reply"). Having reviewed and considered all the briefing filed with respect to the OSC, the Court finds that oral argument is not necessary to resolve the OSC, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

I.   **BACKGROUND**

On December 11, 2025, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2241 (the "Petition") against the Secretary of the Department

1

of Homeland Security ("DHS"), Kristi Noem; the Attorney General of the United States, Pamela J. Bondi; the Field Office Director of the Los Angeles Bureau of Immigration and Customs Enforcement Office ("ICE"), Thomas Giles; the Assistant Field Office Director of the Adelanto Detention Facility, James Pilkington, and Warden, Geo Group Inc., Adelanto Detention Facility (collectively, "Respondents"). Doc. # 1 ("Pet.").

On December 12, 2025, Petitioner filed his first ex parte application, seeking a Temporary Restraining Order that would require Respondents to immediately release Petitioner from custody, among other relief. Doc. # 3. The Court granted Petitioner's original ex parte application on December 18, 2025, ordering that Respondents were enjoined from continuing to detain Petitioner unless he was provided with an informal interview to afford him an opportunity to respond to the reasons for revocation stated in the Notice of Revocation of Release dated August 24, 2025, pursuant to 8 C.F.R. sections 241.13(i)(3) and 241.4(l)(1). Doc. # 10.

On December 27, 2025, Petitioner was released from custody. However, on January 9, 2026, Petitioner was re-detained. Doc. # 12-1.

On January 27, 2026, Petitioner filed a second ex parte application, again seeking a TRO requiring his immediate release.

On February 5, 2026, the Court issued the TRO and OSC, ordering:

1. Respondents are enjoined from continuing to detain Petitioner unless he is provided with notice of the reason of his revocation and an informal interview to afford him an opportunity to be heard as to the revocation, pursuant to 8 C.F.R. section 241.13(i)(3) within seven calendar days of the filing date of this Order.

2. To the extent Petitioner is released from custody, Respondents are enjoined and restrained from re-detaining Petitioner without providing him an informal interview to afford him an opportunity to be heard, pursuant to 8 C.F.R. section 241.13(i)(3).

3. To preserve the Court's jurisdiction, respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California

> pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.
>
> 4. This temporary restraining order shall take immediate effect and expires at 5:00 p.m. PT on February 19, 2026. The temporary restraining order may be extended for good cause or upon Respondents' consent.
>
> 5. Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. R. 65-1. Respondents must file any written response to the Order to Show Cause no later than February 13, 2026. Failure to file a response by this deadline shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than February 17, 2026.
>
> 6. The Court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Order to Show Cause or to take the Order to Show Cause under submission.

TRO Order at 12–13.

The Court has previously recounted the factual background in this case in the TRO Order which is incorporated here by reference.

## II. LEGAL STANDARD

The standard for issuing a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a temporary restraining order and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a temporary restraining order must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD*

*Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a temporary restraining order may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

## III. **DISCUSSION**

In response to the OSC, Respondents argue that they have complied with the TRO by providing Petitioner with an updated Notice of Revocation of Release, and by providing Petitioner with an informal interview. Gov. Response at 2; Doc. # 19-1 ("Lajuj Decl.") ¶¶ 9-10; Doc. # 19-2 ("Notice of Revocation of Release"); Doc. # 19-3 ("Alien Informal Interview"). Respondents contend that the matter should be dismissed. Gov. Response at 2.

Petitioner responds that (1) Respondents have repeatedly pushed back the date on which he is to be removed, showing that there is not a likelihood of removal in the reasonably foreseeable future, and (2) the notice and interview provided to Petitioner were insufficient. The Court will address each of Petitioner's arguments.

First, in its TRO Order, the Court found that Respondents had shown that there was a significant likelihood of removal in the reasonably foreseeable future based on a declaration from an ICE Deportation Officer which stated that travel documents had been issued for Petitioner and that a repatriation flight was tentatively scheduled for within the next three weeks. TRO Order at 10–11. Petitioner argues that he was originally told he would be removed on January 14, 2026, that Respondents then stated in their January 26, 2026 declaration that he would be removed within three weeks, and that Respondents are now stating that Petitioner's removal has been rescheduled and he will be removed no later

4

than March 23, 2026. Reply at 2–3; Lajuj Decl. ¶ 10. Although the Court has concerns regarding the multiple continuances of Petitioner's removal date, at this stage it is still satisfied with the Government's evidence that there is a significant likelihood of removal in the reasonably foreseeable future. *See Ton v. Noem*, EDCV-25-02894-AGR, 2025 WL 3691897, at *2 (C.D. Cal. Dec. 9, 2025) ("lack of 'a certain end date' alone does not render detention indefinite" (citing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008)); *Aden v. Nielsen*, 409 F.Supp.3d 998, 1022 (W.D. Wa. 2019) ("the fact that there is no clear end date does not mean that there is no significant likelihood of removal in the reasonably foreseeable future" (citing *Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th Cir. 2008)).

Second, Petitioner's arguments that the process surrounding his notice and interview was improper are unconvincing. Petitioner argues that the notice and interview took place on February 12, 2026, over a month after he was re-detained. However, this came within 7 days after the issuance of the TRO, as ordered by the Court. Petitioner also argues that the notice was issued on the same day as his interview, which did not give him time to prepare for the interview. However, the regulations provide for a "prompt" informal interview, and the Court has not seen any authority for the proposition that the notice must be issued some specified amount of time in advance of the interview. The Court declines to impose such a requirement here. Finally, Petitioner argues that because the notice did not provide information about the expected date of his removal, he could not adequately respond. However, again, there is no authority for the proposition that the notice must include an exact date of removal. Further, Petitioner has failed to explain what bearing an exact date of removal (or extra time to respond) would have had on his response.

Finally, the Court notes that the present issue before the Court is solely its OSC. To the extent Petitioner seeks additional relief beyond what was provided for in the TRO, the OSC is not the proper venue for him to challenge the TRO Order. Further, to the extent Respondents ask the Court to issue an order to show cause re: dismissal, the OSC is again not the proper venue for this request.

Overall, Petitioner has not provided sufficient justification for the Court to issue a Preliminary Injunction in this matter. The Court also declines to issue an order to show cause re: dismissal at this time.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's request for a Preliminary Injunction is DENIED WITHOUT PREJUDICE and the Court's February 5, 2026, OSC is DISCHARGED. The Court declines to issue an order to show cause re: dismissal, and the Magistrate Judge assigned to this case will set a briefing schedule for Respondents to respond to the merits of the Petition.

**IT IS SO ORDERED**.

Dated: 2/18/26

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE